# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JERRY LEE HENDRICKS,                )<br>                                                          )<br>                            Petitioner,     )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>ANTHONY PADULA, WARDEN, )<br>LEE CORRECTIONAL               )<br>INSTITUTION,                              )<br>                                                          )<br>                            Respondent.   )<br>_____) | CIVIL ACTION NO. 9:12-0367-SB-BM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, who was an inmate with the South Carolina Department of Corrections (SCDC) at the time this case was filed,[1] seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on February 1, 2012.[2]

The Respondent filed a return and motion to dismiss on August 10, 2012. As the Petitioner is proceeding pro se, a Roseboro order was entered on August 13, 2012, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. However, the Court's Roseboro order was subsequently returned

---

[1] Subsequent to filing his petition, Petitioner completed his South Carolina state court sentences on or about August 4, 2012, and has now been released from the custody of the SCDC. See Court Docket Nos. 25-9, 26-11, and 26-13. Petitioner is now apparently incarcerated in Illinois on unrelated charges. See Court Docket Nos. 26-15 and 26-16.

[2] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



1

as undeliverable with a notation that Petitioner had been released.[3]

On August 30, 2012, the Petitioner informed the Court of his new address, following which the Clerk on was directed to forward to Petitioner a copy of Respondent's motion to dismiss and a second <u>Roseboro</u> order was issued. After receiving two extensions of time to respond, Petitioner forwarded certain documents containing personal identification material which were returned by the Clerk to the Petitioner with instructions that all personal identification material protected by Rule 5.2(a), Fed.R.Civ.P., must be removed from documents submitted for filing. To date, Petitioner has failed to respond, and the time for Petitioner to file a response pursuant to the <u>Roseboro</u> order has now also expired. This matter is now before the Court for disposition.[4]

## Background

At the time Petitioner filed this habeas petition, he was incarcerated at the Lee Correctional Institution (part of the SCDC) as the result of a Chesterfield County conviction and sentence for committing or attempting a lewd act upon a child under 16 [Indictment No. 2003-GS-13-0241] and a Darlington County conviction and sentence for committing or attempting a lewd act upon a child under 16 [Indictment No. 2002-GS-16-3085]. <u>See</u> Court Docket Nos. 25-12, 26-7, 26-8, 26-9, 26-10. In addition to challenging these two (2) convictions, Petitioner is also challenging a Darlington County conviction and sentence for contributing to the delinquency of a minor [Indictment No. 2002-GS-16-3087] and a Horry County conviction and sentence for assault and

---

[3]The Respondent informed the Court on August 20, 2012, that its motion had also been returned as undeliverable due to Petitioner's release. <u>See</u> Court Docket No. 29.

[4]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



battery of a high and aggravated nature ("ABHAN") [Indictment No. 2001-GS-1866] for which he was not in custody at the time that his petition was filed. See Court Docket Nos. 25-3, 25-5, 25-8, 25-10, and 25-15. As previously noted, Petitioner is not in the custody of the SCDC on any of those convictions at this time. See, n. 1, supra.

**I.**

A petitioner seeking to challenge his detention through a federal habeas action must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3). The "in custody" requirement necessitates that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491 (1989). Here, while Petitioner was in custody on his two longer sentences when he filed this Petition, the convictions and sentences for contributing to the delinquency of a minor [Indictment No. 2002-GS-16-3087] and assault and battery of a high and aggravated nature ("ABHAN") [Indictment No. 2001-GS-26-1866] had fully expired when Petitioner filed his petition on February 1, 2012. SCDC records show that Petitioner completed the sentence on Indictment No. 2001-GS-26-1866 on December 9, 2004; see SCDC Offender management System, Completed SCDC Priors at Number S00001; see also SCDC Offender Management System, Commitment Application Inquiry (showing conviction S00001 is Indictment No. 2001-GS-26-1866); Court Docket Nos. 25-9 and 25-15; and that he completed the sentence on Indictment No. 2002-GS-16-3087 on May 22, 2005. See SCDC Offender management System, Completed SCDC Priors at Number S00003; see also SCDC Offender Management System, Commitment Application Inquiry (showing conviction S00003 is Indictment No. 2002-GS-16-3087); Court Docket Nos. 25-9 and 25-10.



Therefore, Maleng bars this Court from entertaining his federal habeas petitions challenging Indictment Nos. 2002-GS-16-3087 and 2001-GS-26-1866. See Maleng, 490 U.S. at 492 [the mere possibility of collateral consequences at the time the petition is filed will not satisfy the custody requirement]; see also Mays v. Dinwiddie, 580 F.3d 1136, 1140-41 (10th Cir. 2009), cert. denied, 130 S.Ct. 1022 (2009)[petitioner serving two concurrent sentences was not "in custody" for purposes of challenging the constitutionality of the already completed shorter sentence]; cf. Wilson v. Flaherty, 689 F.3d 332 (4th Cir. 2012)[sex offender registration requirements did not place sex offender "in custody" for purposes of federal habeas jurisdiction]. Petitioner's claims relating to those convictions should be dismissed.

## II.

With respect to Petitioner's other two convictions, Respondent argues that since Petitioner has now completed his sentences on the remaining two indictments, all remaining issues in this federal habeas petitions are moot. However, since Petitioner was in custody on these two convictions when the Petition was filed, when determining the mootness of Petitioner's claims the question becomes what it is that Petitioner is challenging with respect to these two remaining convictions. As a general rule, as long as Petitioner is not solely challenging his sentence(s), then his claims are not moot. North Carolina v. Rice, 404 U.S. 244, 248 (1971)(per curiam)["Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."]; see Spencer v. Kemna, 523 U.S. 1, 7 (1998)[Petitioner's release from prison after he filed his federal habeas petition did not cause petition to become moot on the theory that he did not satisfy the "in custody" requirement as long as it was satisfied when he filed the petition].

4



With respect to his Chesterfield conviction and sentence in Indictment No. 2003-GS-13-0241, Petitioner seeks to vacate his conviction based on various grounds and have this court "remand to state court injunction on sex offense registry". See Court Docket No. 10-1, p. 15.[5] With respect to his Darlington conviction and sentence on Indictment No. 2002-GS-16-3085, Petitioner seeks to vacate his sentence and remand to South Carolina state court for a PCR hearing on issues raised "thus far". See Court Docket No. 10-2, p. 15. Petitioner raises the issue with respect to the Darlington conviction that his plea failed to meet the mandates of Boykin v. Alabama, 395 U.S. 238 (1969). See Court Docket No. 10-2, p. 5. Accordingly, based upon Petitioner's current pleadings and the liberal construction to which they are entitled, especially with regard to his Darlington conviction, Petitioner appears to be challenging more than just his sentences. Therefore, while the petition may be moot as far as vacating the sentences that have been served, he also seeks additional relief, and the undersigned further notes that prior to the completion of his sentences, the State sought civil commitment of the Petitioner pursuant to the provisions of the South Carolina SVP[6] Act. See Court Docket No. 26-12. Hence, although the State represents that "upon learning federal authorities intended to prosecute Petitioner on the charges . . ., the State and opposing counsel agreed to hold the matter in abeyance once federal officials took Petitioner into custody;" see Respondent's Memorandum in Support of Motion to Dismiss, p. 10, n. 5; since it is arguable that Petitioner could suffer collateral consequences from these convictions and since he is seeking to vacate his plea in the remaining Darlington matter, the undersigned does not find that Respondent's motion to dismiss

---

[5]Petitioner is apparently attempting to prevent being placed on the sex offender registry and/or being subject to a civil commitment proceeding.

[6]Sexually violent predator.



based on mootness should be granted at this time.

However, this determination does not mean that Petitioner is entitled to any relief with respect to these two convictions. Based upon a review of the Petition and record in this case, the remaining issues concerning Petitioner's Chesterfield County conviction and sentence [Indictment No. 2003-GS-13-0241] and Darlington County conviction and sentence [Indictment No. 2002-GS-16-3085] are subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies.[7] This limitations period is part of the AEDPA,[8] and runs from the latest of -

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

---

[7]Although the Respondent did not raise this issue, a federal court may raise the issue *sua sponte*. See Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002); Harmon v. Cartledge, No. 09-2644, 2010 WL 3941430 at * 2 n. 9 (D.S.C. Oct. 5, 2010); Smith v. McCall, No. 09-643, 2009 WL 3233516 (D.S.C. Sept. 30, 2009); Hendrix v. South Carolina, No. 06-2645, 2007 WL 2220401 (D.S.C. July 30, 2007). This Report and Recommendation provides Petitioner with the requisite fair notice and opportunity to argue his position to the court regarding the statute of limitations issue prior to a final decision being rendered in his case. See generally Harmon v. Cartledge, supra; Smith v. McCall, supra; Hendrix v. South Carolina, supra.

[8]Antiterrorism and Effective Death Penalty Act of 1996.



period of limitation under this subsection. 28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

### Chesterfield Conviction [Indictment No. 2003-GS-13-0241]

Petitioner's state court conviction became final on April 6, 2005, the date that he voluntarily dismissed his state court appeal for this conviction and sentence and the South Carolina Supreme Court issued the remittitur. See Court Docket Nos. 25-13 and 25-14. When Petitioner thereafter filed his state application for post-conviction relief (APCR) on May 9, 2005, thirty-three (33) days of non-tolled time had passed. (R.pp. 33-37). The period of limitations was then tolled during the pendency of Petitioner's APCR, until February 23, 2011, the date the Remittitur was filed [Court Docket No. 26-5]. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed this action on February 1, 2012, three hundred and forty-two (342) days of additional non-tolled time had accrued since the final disposition of his APCR, for a total of three hundred and seventy-five (375) days,[9] past his one year limitations period.

The statutory limitations period does not start over after the conclusion of collateral

---

[9] 2011 was a leap year.



review.[10] Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. Accordingly, Petitioner did not timely file his petition with respect to this conviction, and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

**Darlington Conviction [Indictment No. 2002-GS-16-3085]**

Petitioner's state court conviction became final on December 29, 2003, ten (10) days after he entered his guilty plea and was sentenced.[11] (R.p. 30); see Rule 203(b)(2), SCACR. Although Petitioner filed an APCR challenging his Chesterfield sentence and conviction on Indictment No. 2003-GS-13-241, he never filed an APCR concerning his conviction and sentence on Indictment No. 2002-GS-16-3085. (R.pp. 33-37,129).[12] Therefore, Petitioner had until December

---

[10]Although Petitioner states with respect to his Chesterfield conviction that he did not receive "final notice" from his counsel until January 23, 2011, even assuming this assertion would somehow effect Petitioner's limitations period, Petitioner still waited for over one year after that time before he filed his federal habeas petition on February 1, 2012. See Court Docket No. 10-1, p. 14. Therefore, even assuming arguendo that this conduct could somehow toll the filing period until that time (which the undersigned does not find), Petitioner is still not entitled to relief.

[11]Since the actual tenth day, December 25, 2003, and the following date, December 26, 2003, were state holidays, Petitioner would have had until the following Monday, December 29, 2003, to file a direct appeal. See S.C. Code 53-5-10 (2003).

[12]Although this Darlington conviction and sentence was discussed in his October 2008 PCR hearing, the PCR judge made a definitive finding that Petitioner had not filed an APCR with regard to this Darlington conviction and sentence. (R.pp. 70-79, 129). In fact, part of the relief that
(continued...)






28, 2004 to file his federal habeas petition, which he did not do. By the time Petitioner filed the current petition challenging this conviction and sentence on February 1, 2012, over eight (8) years of non-tolled time under the statute had passed. Therefore, Petitioner did not timely file his petition regarding this sentence and conviction, and he is barred from seeking federal habeas relief. See discussion, supra.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion to dismiss be **granted**, and that the Petition be **dismissed**, with prejudice. **This petition also constitutes notice to the Petitioner that a recommendation for dismissal based on, inter alia, the statute of limitations has been made. Petitioner may present his position on this issue as objections to this Report and Recommendation, which will then be considered by the Court.** See generally Hill v. Braxton, supra; Smith v. McCall, supra; Hendrix v. South Carolina, supra.

See also the Notice Page attached hereto.



Bristow Marchant
United States Magistrate Judge

January 18, 2013
Charleston, South Carolina

---

[12](...continued)
Petitioner seeks in this case is a PCR hearing on this conviction. In any event, even assuming arguendo that Petitioner could have and did raise this matter as part of his May 2005 PCR proceeding, it would still be time barred. See discussion [Section II], supra.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

