IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jerry Lee Hendricks,    )
           )
   Petitioner,    )
           )  Civil Action No. 9:12-367-SB
v.          )
           )
Anthony Padula, Warden, Lee )  **ORDER**
Correctional Institution,   )
           )
   Respondent.   )
_____)

  This matter is before the Court upon the Petitioner's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he filed in this Court on February 1, 2012. In his petition, the Petitioner attempts to challenge several state court convictions: (1) a Chesterfield County conviction and sentence for committing or attempting a lewd act upon a child under 16 (indictment number 2003-GS-13-0241); (2) a Darlington County conviction and sentence for committing or attempting a lewd act upon a child under 16 (indictment number 2002-GS-16-3085); (3) a Darlington County conviction and sentence for contributing to the delinquency of a minor (indictment number 2002-GS-16-3087); and (4) a Horry County conviction and sentence for assault and battery of a high and aggravated nature (indictment number 2001-GS-1866). At the time he filed this section 2254 petition, the Petitioner was incarcerated as the result of the first two above-mentioned convictions, but he was not in custody as a result of the third and fourth above-mentioned convictions, which had expired by the time he filed the instant petition.[1]



  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), D.S.C.,

---

  [1] At this time, the Petitioner has been released from the South Carolina Department of Corrections and is incarcerated in Illinois on apparently unrelated charges.

the matter was referred to a United States Magistrate Judge for preliminary consideration and for a report and recommendation ("R&R"). On August 10, 2012, the Respondent filed a motion to dismiss, following which the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (1975), advising the Petitioner of the dismissal procedure and explaining the possible consequences if he failed to respond to the motion. The Roseboro order was returned as undeliverable, but on August 30, 2012, the Petitioner informed the Court of his new address. Therefore, the Magistrate Judge issued a second Roseboro order. After receiving two extensions of time, the Petitioner provided the Court with documents containing personal identification material protected by Rule 5.2(a) of the Federal Rules of Civil Procedure.[2] The Clerk returned these materials to the Petitioner with instructions to redact all personal information. Ultimately, however, the Petitioner failed to respond, and on January 18, 2013, the Magistrate Judge issued an R&R,[3] to which the

---

[2] Rule 5.2, titled "privacy protection for filings made with the court," provides in pertinent part:

**(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

**(1)** the last four digits of the social-security number and taxpayer-identification number;
**(2)** the year of the individual's birth;
**(3)** the minor's initials; and
**(4)** the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a).

[3] The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The

Petitioner filed timely written objections.

In the R&R, the Magistrate Judge first recommended that the Court dismiss the Petitioner's challenges to the Darlington County conviction for contributing to the delinquency of a minor (indictment number 2002-GS-16-3087) and the Horry County conviction for assault and battery of a high and aggravated nature (indictment number 2001-GS-1866) based on the fact that the Petitioner was not "in custody" under these convictions at the time he filed the instant petition.

Next, the Magistrate Judge considered the Petitioner's claims arising out of the Chesterfield County conviction for committing or attempting a lewd act upon a child under 16 (indictment number 2003-GS-13-0241) and the Darlington County conviction for committing or attempting a lewd act upon a child under 16 (indictment number 2002-GS-16-3085). With respect to the Petitioner's challenge to these convictions, the Magistrate Judge determined that the Petitioner failed to bring this section 2254 petition within the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).[4] This one-year limitations period begins to run

Court is charged with making a *de novo* determination of any portion of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

[4] Although the Respondent did not raise the issue of timeliness, the United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir.2006) (carving out habeas corpus petitions and in forma pauperis complaints as narrow circumstances to permit *sua sponte* consideration of statute of limitations when defense is clear on face of petition or complaint). In Day, the Court instructed that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 547 U.S. at 210; see also Hill v.

3

from the latest of four possible dates:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Additionally, section 2244(d)(2) tolls the limitations period

for "[t]he time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §

2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings,

from initial filing to final disposition by the highest state court (whether decision on the

merits, denial of certiorari, or expiration of the period of time to seek further appellate

review), is tolled from the limitations period for federal habeas corpus petitioners . . . ."

Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Here, as the Magistrate Judge determined, the Chesterfield County conviction

(indictment number 2003-GS-13-0241) became final on April 6, 2005, the date the

---

Braxton, 277 F.3d 791 (noting that a district court should warn a prisoner that the case is subject to dismissal under section 2244(d) and give the prisoner a chance to respond before dismissing the case). Here, the Magistrate Judge's R&R gave the Petitioner fair notice of the timeliness issue, and he has had the opportunity to fully respond.

4

Petitioner voluntarily dismissed his appeal and when the South Carolina Supreme Court issued its remittitur. When the Petitioner filed his post-conviction relief ("PCR") application on Mary 9, 2005, 33 days of non-tolled time had already passed. Then, the limitations period was tolled during the pendency of his PCR application, until February 23, 2011, the date when the South Carolina Supreme Court issued the remittitur. When the Petitioner filed this section 2254 petition on February 1, 2012 (342 days after the Supreme Court's remittitur), a total of 375 non-tolled days had passed.

Likewise, with respect to the Darlington County conviction (indictment number 2002-GS-16-3085), which became final on December 29, 2003 (ten days after he entered his guilty plea and was sentenced), by the time the Petitioner filed the instant section 2254 petition, more than eight years of non-tolled time had passed.

In the R&R and in a subsequent order, the Magistrate Judge made it clear to the Petitioner that he needed to address the issue of timeliness in his objections. Despite these warnings, the Court has reviewed the Petitioner's objections and finds them difficult to decipher. Giving the Petitioner the benefit of the doubt, however, it appears that the Petitioner may be asking the Court to equitably toll the statute of limitations.



The Supreme Court has held that the AEDPA's one-year limitations period is subject to equitable tolling. Holland v. Florida, – U.S. –, 130 S.Ct. 2549 (2010). Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the

5

party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)

(en banc) (quotation marks omitted), *cert. denied*, 516 U.S. 832 (2004); see also United

States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Moreover, as the

Fourth Circuit stated in Harris v. Hutchinson:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000). For example, courts have held that "unfamiliarity with

the legal process, lack of representation, or illiteracy does not constitute grounds for

equitable tolling." Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing Harris,

209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for

equitable tolling . . . Nor are prison conditions, such as lockdowns or misplacement of legal

papers, normally grounds for equitable tolling." Id.; see also Sosa, 364 F.3d 507 (noting

that ignorance of the law is not a basis for equitable tolling); Jones v. South Carolina, 2006

WL 1876543, *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have

found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney

error, claims of actual innocence, reliance on other inmates' advice, ignorance of the

AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in

6

original) (unpublished)[5]; Jenkins v. Johnson, 2009 WL 1923938, *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling.") (citations omitted) (unpublished).

Here, the Court has reviewed the record and the Petitioner's objections and finds that the Petitioner has failed to allege grounds sufficient to warrant equitable tolling. In other words, the Court finds that the grounds raised by the Petitioner, e.g., that he did not receive a "final notice" of the denial of his post-conviction relief application in the Chesterfield conviction (indictment number 2003-GS-13-2041) until January 23, 2011,[6] simply do not present extraordinary circumstances where it would be unconscionable to enforce the limitations period.

Accordingly, the Court adopts the R&R (Entry 55) and fully incorporates it herein; the Court overrules the Plaintiff's objections (Entry 59); and the Court grants the Respondent's motion to dismiss (Entry 24).

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February ___, 2013
Charleston, South Carolina

---

[5] As Judge Currie noted in Jones, an example of "extraordinary circumstance" was found to exist by the Ninth Circuit Court of Appeals in Miles v. Prunty, 187 F.3d 1104 (9th Cir. 1999), where an inmate had relied on prison officials to cut a check and mail his section 2254 petition to the district court. 2006 WL 1876543, *3, n. 5.

[6] As the Magistrate Judge noted, even assuming the Petitioner did not receive "final notice" until January 23, 2011, he still waited more than one year from that date to file the instant section 2254 petition.

7

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the constitutional claims is debatable or wrong or that the issues presented were adequate to deserve further attention.  See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the Court finds that the Petitioner has not met the legal standard for the issuance of a certificate of appealability. Therefore, the Court denies a certificate of appealability.

